THE STATE, THE CAMDEN GAS LIGHT COMPANY, PROSE-CUTOR, v. THE COMPTROLLER OF THE STATE OF NEW JERSEY.

Under the act entitled "An act to provide for the imposition of state taxes upon certain corporations and for the collection thereof," approved April 18th, 1884, gas companies are liable to a franchise tax at a percentage calculated (1) upon gross receipts, and (2) upon "dividends earned or declared" during a specified year. *Held,* that the earnings or profits of a gas company, fairly devoted to the betterment of its plant, cannot be considered as "dividends earned or declared" within the meaning of the act.

Upon *certiorari* removing to this court an assessment of taxes made by the state board of assessors upon prosecutor, under the provisions of the act entitled "An act to provide for the imposition of state taxes upon certain corporations and for the collection thereof," approved April 18th, 1884.

The case was argued upon an agreed on state of facts, by which it appeared that prosecutor returned to the state board of assessors a statement under the act, showing, among other things, dividends declared to the amount of $18,000. It refused to state what dividends had been earned and not declared. The state board proceeded to ascertain the dividends earned not declared, and fixed the whole dividends at $34,838.72. The tax upon the said amount was imposed on prosecutor. The $16,838.72 which had thus been ascertained

to be a dividend earned and not declared, had been invested by prosecutor in betterment of its plant.

Argued at June Term, 1891, before Justices SCUDDER and MAGIE.

For the prosecutor, *Samuel H. Grey.*

For the state, *William Y. Johnson.*

The opinion of the court was delivered by

MAGIE, J.   The object of the act drawn in question in this case was to impose on each corporation affected thereby an annual tax " by way of a license for its corporate franchise." Upon gas companies such annual tax is to be imposed by a percentage calculated upon two factors, viz., (1) gross receipts within a specified period, and (2) " dividends earned or declared " during the same period.

The case presents two questions—

I. How are these factors to be ascertained for calculation of the percentage ?

By section 2 of the act, statements thereof are required to be made by officers of the company, and it is expressly prescribed that any officer making a false statement shall be deemed guilty of perjury.

By section 3 it is further provided that if any company neglects or refuses to make such statement, the state board of assessors shall ascertain and fix the amount of " such receipts " in such manner as may be deemed by them most practicable. No power, in terms, is given to ascertain and fix the amount of dividends. Applying ordinary rules for the construction of statutes, the power so granted applies to those receipts before mentioned—that is, gross receipts—and the express grant of that power excludes the implication of any other power.

In my judgment, the state board of assessors had no authority to ascertain and fix the amount of dividends on which prosecutor should be taxed. If the legislature, as is argued, intended to grant such power, they have not expressed

their intent, and a *casus omissus* of such kind can only be cured by further legislative action.

But it is further argued that, if the tax was, in fact, rightly assessed, it should not be set aside merely because the factor on which it was calculated was irregularly ascertained.

II. If that be so, another question is raised as to the true meaning of the phrase, "dividends earned or declared."

On the part of the state it is contended that the phrase is intended to include all the receipts of the company in excess of its expenses—that is, all that could have been, although they have not been, divided.

But such a construction gives no force to the word "dividend," which, as applied to incorporated companies, means that amount which is set aside and designated by the managers of the company from its property, to be divided among its members.

Had the intent been to tax the excess of receipts over expenses, the word "dividend" would not have been used, for it is only in exceptional cases that all of such excess can be or is divided.

The phrase "dividends earned or declared" contains no single word of doubtful meaning, and a construction, according to the plain meaning of the words, would confine the phrase to dividends declared, although not earned, during the prescribed period.

But the collocation of words in this phrase may perhaps justify an inference that the legislature intended a broader meaning.

As before stated, it is only in exceptional cases that all the profits which have accrued to an incorporated company may prudently be divided. At the discretion of the managers, sinking funds to meet debts falling due in the future, and funds to meet possible accidents or contingencies, may be established and portions of profits may be applied thereto. So moneys from such profits may well be expended in improving the plant and so providing for the extension of the business of the company or its being done in better and more profit-

able modes. How much should be thus used must be deter-- mined by the managers. The remainder, if any, may be divided.

But if the legislature intended by this act to reach such dividends as ought to have been made, the tax objected to in this case cannot stand ; for, by the agreed on case, the amount. ascertained and fixed as a dividend earned, though not de- clared, was all expended in the betterment of the plant of prosecutor. We must assume, in the absence of proof to the contrary, this was done in the exercise of the discretion of its managers and not for the purpose of evading the tax.

That the application of this amount to betterments may in- crease the value of the stock of the company does not, in my judgment, alter this result. To such an increase the word "dividend" cannot be applied without violence to its settled meaning. The legislative intent clearly was not to tax by any increase of value of stock, but by those profits which either have been divided or, to give the widest possible significance to the language, those which ought to have been divided.

It is, therefore, unnecessary to determine more particularly the extent of meaning of the phrase "dividends earned or de- clared ;" for, upon the widest meaning possible, the amount of earnings of prosecutor devoted to betterments ought not to have been included in the factor on which the calculation of its tax was made.

To that extent the tax must be set aside.